THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,  :
:
v.  :  3:23-CR-78
:  (JUDGE MARIANI)
MUGABE BAKER,  :
:
        Defendant.  :

## MEMORANDUM OPINION

### I. INTRODUCTION AND PROCEDURAL HISTORY

On March 28, 2023, a federal grand jury indicted Defendant Mugabe Baker for "Assimilative Crimes – Fleeing or Attempting to Elude Police Officer" (Doc. 1). The Indictment charges:

> On or about September 18, 2022, in the Middle District of Pennsylvania, and elsewhere the Defendant, MUGABE BAKER, within the jurisdictional boundary of the Delaware Water Gap National Recreation Area, on land acquired for the use of the United States and under concurrent jurisdiction thereof, did fail and refuse to bring his vehicle to a stop and flee and attempted to elude a pursuing police officer, when given visual and audible signals to bring the vehicle to a stop, to wit: a blue Volkswagen Tiguan bearing New York registration KTK8895.
>
> All in violation of 75 Pa.C.S.A. §§ 3733(a) and 3733(a.2)(2)(ii) and (iii); and Title 18, United States Code, Sections 7(3) and 13.

(*Id.*).

On May 11, 2023, Defendant filed a Motion to Dismiss Indictment for Failure to State an Offense and for Lack of Jurisdiction (Doc. 30) and supporting brief (Doc. 31). The Government filed a Brief in Opposition to the Motion to Dismiss (Doc. 37), to which

Defendant filed a Reply Brief (Doc. 38). Defendant's Motion to Dismiss is now ripe for resolution. For the reasons that follow, Defendant's Motion will be denied.

## II. ANALYSIS

At issue in Defendant's motion is the interplay between federal and state laws, and specifically the Assimilative Crimes Act ("ACA") (18 U.S.C. § 13(a)), the Pennsylvania statue criminalizing "Fleeing or Attempting to Elude Police Officer" (75 Pa. C.S.A. § 3733), and 36 C.F.R. § 4.2 dictating when traffic and the use of vehicles within a federal park area are governed by State law.

In relevant part, the Assimilative Crimes Act ("ACA") provides that:

> Whoever within or upon any of the places now existing or hereafter reserved or acquired as provided in section 7 of this title, or on, above, or below any portion of the territorial sea of the United States not within the jurisdiction of any State, Commonwealth, territory, possession, or district is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment.

18 U.S.C. § 13(a). Concisely stated, "[u]nder the ACA, if conduct prohibited by state law occurs on federal land, the state criminal law is assimilated into federal law so long as that conduct is not already made punishable by any 'enactment of Congress.'" *United States v. Hall*, 979 F.2d 320, 322 (3d Cir. 1992) (quoting 18 U.S.C. § 13). This Act serves to "fill[ ] gaps in the law applicable to federal enclaves, ensure[ ] uniformity between criminal prohibitions applicable within the federal enclave and within the surrounding state, and

2

provide[ ] residents of federal enclaves with the same protection as those outside its boundaries." *Id.*

The relevant portions of the Pennsylvania criminal statute under which Baker has been charged, 75 Pa. C.S.A. § 3733 ("Fleeing or Attempting to Elude Police Officer") state as follows:

> **(a) Offense defined.--**Any driver of a motor vehicle who willfully fails or refuses to bring his vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police officer, when given a visual and audible signal to bring the vehicle to a stop, commits an offense as graded in subsection (a.2).
> . . .
>
> **(a.2) Grading.--**
> . . .
> > (2) An offense under subsection (a) constitutes a felony of the third degree if the driver while fleeing or attempting to elude a police officer does any of the following:
> >
> > . . .
> > (ii) crosses a State line; or
> > (iii) endangers a law enforcement officer or member of the general public due to the driver engaging in a high-speed chase.

75 Pa. C.S.A. § 3733(a), (a.2)(2)(ii-iii).

Pursuant to 36 C.F.R. § 4.2, "[u]nless specifically addressed by regulations in this chapter, traffic and the use of vehicles within a park area are governed by State law. State law that is now or may later be in effect is adopted and made a part of the regulations in this part", 36 C.F.R. § 4.2(a).

Here, Defendant Baker relies on § 4.2 for the proposition that, while the elements of Pennsylvania's statute criminalizing Fleeing or Attempting to Elude Police Officer are

3

applicable to the charged offense, the penalties therefor are governed by § 4.2. Baker contends that this Court must dismiss the Indictment because § 4.2, a federal regulation, "uniformly penalizes all state traffic/vehicle violations that occur in park areas" and thus the ACA is not applicable to this case. (*See* Doc. 31, at 1). Accordingly, Defendant asserts that

> [t]he appropriate mode of prosecution is through 36 C.F.R. § 4.2, specifically by incorporating the elements of Pennsylvania's fleeing or attempting to elude offense during the guilt-phase of proceedings, but applying the uniform penalties set forth in the C.F.R. during the penalty-phase (if any).

(*Id.* at 5-6). Notably, applying the penalties set forth in Title 36 of the C.F.R. would result in a term of imprisonment of not more than 6 months. *See* 36 C.F.R. § 1.3; 18 U.S.C. § 1865.

In *Lewis v. United States*, the Supreme Court analyzed the meaning of the ACA phrase "not made punishable *by any enactment* of Congress." 523 U.S. 155 (1998) (emphasis in original). The Supreme Court set forth a two-part test for determining whether a state statute is properly assimilated. First, a court must ask whether the defendant's "act or omission . . . [is] made punishable by *any* enactment of Congress." *Id.* at 164 (emphasis in original). If the answer to the first question is "no", the "ACA presumably would assimilate the statute". *Id.* However, if the answer to the question is "yes", a court must ask "whether the federal statutes that apply to the 'act or omission' preclude application of the state law in question", for example, "because its application would interfere with the achievement of a federal policy, because the state law would effectively rewrite an offense definition that Congress carefully considered, or because federal statutes reveal an intent to occupy so much of a field as would exclude use of the particular state statute at issue." *Id.* at 164-165

4

(internal citations omitted).

This Court first turns to step one of the *Lewis* analysis – whether Baker's act or omission is made punishable by "any enactment of Congress". It is undisputed that within the meaning of the ACA, a federal regulation, such as § 4.2, qualifies as "an enactment of Congress." *Hall*, 979 F.2d at 322. It is further undisputed that, because the Delaware Water Gap National Recreation Area is a federally owned land operated by the National Park Service, individuals driving therein are subject to the regulations set forth in Title 36 C.F.R., Part 4 ("Vehicle and Traffic Safety"). However, upon review of the Indictment and Pennsylvania's statute criminalizing Fleeing or Attempting to Elude Police Officer, despite Defendant's argument to the contrary, Baker's charged conduct does not fall within the scope of § 4.2.

As previously stated, the ACA fills the gaps in the law applicable to federal enclaves and ensures uniformity between criminal prohibitions applicable within the federal enclave and within the surrounding state, *Hall*, 979 F.2d at 322. Section 4.2 provides that "traffic and the use of vehicles within a park area are governed by State law." Nonetheless, the provisions of the Pennsylvania statute which the Government seeks to assimilate, Fleeing or Attempting to Elude Police Officer, go well-beyond the rules of traffic and the use of vehicles encompassed within § 4.2. The state law offense permits the criminal charge that Baker, while fleeing and eluding the police officer, endangered the officer and the general public, a third-degree felony. Section 4.2, although similar to § 3733 in so far as both

address traffic and vehicles, does not encompass the further conduct of eluding as set forth in § 3733. Section 4.2 is a "catch-all provision" pertaining only to traffic and "rules of the road" offenses. *United States v. Fox*, 60 F.3d 181, 185 (4th Cir. 1995). However, as explained by another District Court, the crime of eluding "is the defiance of an order by the police to stop . . . and the resulting interference with or endangerment of the operation of the law enforcement vehicle or endangerment of a person," *United States v. Hope*, 2010 WL 2405354, *2 (W.D. Va. 2010), *aff'd* 408 F.App'x 695 (4th Cir. 2011). Thus, although the conduct at issue requires the use of a vehicle, "the gravamen of the offense is disobeying an order to stop, combined with interference or endangerment." *Id.*

The Court finds that Baker's acts or omissions were not made punishable by Section 4.2 or any other enactment of Congress, and that the ACA is properly used to assimilate 75 Pa. C.S.A. § 3733. Nonetheless, even if the Court were to find otherwise, the second prong of the *Lewis* analysis, specifically whether the federal statute that applies to the "act or omission" preclude application of the state law in question, also supports a finding that the Pennsylvania statute is properly assimilated. Although there cannot be an "automatic general answer to this second question", the Supreme Court found it "fairly obvious that the [ACA] will not apply where both state and federal statutes seek to punish approximately the same wrongful behavior – where, for example, differences among elements of the crimes reflect jurisdictional, or other technical, considerations, or where differences amount only to those of name, definitional language, or punishment." *Lewis*, 523 U.S. at 165. Thus, the

"primary question . . . is one of legislative intent: Does applicable federal law indicate an intent to punish conduct such as the defendant's to the exclusion of the particular state statute at issue?" *Id.* at 166.

Here, the Pennsylvania statute criminalizing fleeing and eluding and the "catch-all" provision of § 4.2 cannot be said to "seek to punish approximately the same wrongful behavior." Section § 4.2 cannot be read as an intent by Congress to broadly encompass all crimes on federal enclaves in which a vehicle may be used in the commission of that crime. As previously discussed, § 4.2 is a general provision meant to criminalize traffic and vehicle safety offenses. Pennsylvania's statute criminalizing Fleeing or Attempting to Elude Police Officer overlaps with § 4.2 in so far as it necessitates the use of a vehicle in the commission of the crime, but also incorporates willful conduct by a defendant in defying the orders of a police officer and endangering law enforcement officers and/or the general public. *See e.g. In re R.C.Y.*, 27 A.3d 227, 230 (Pa. Super. 2011) (explaining that the legislative history for grading an offense under § 3733 as a felony for a person who "endangers a law enforcement officer or member of the general public due to the driver engaging in a high-speed chase" was "in response to complaints about chases that endangered the public and that the "'mischief to be remedied' is the danger presented by certain methods of fleeing or eluding police officers while driving a motor vehicle at high speeds."). This difference in the wrongful behavior covered by the state and federal laws demonstrate the requisite gap to be filled by § 3733. *See Lewis*, 523 U.S. at 165-166 ("a substantial difference in the kind of

wrongful behavior covered (on the one hand by the state statute, on the other, by federal enactments) will ordinarily indicate a gap for a state statute to fill – unless Congress, through the comprehensiveness of its regulation, . . . or through language revealing a conflicting policy, . . . indicates to the contrary in a particular case.")(internal citations omitted). Further, the general language of § 4.2 does not reflect the definition of an offense "that Congress carefully considered", *id.* at 164. Part 4 of Title 36 does not codify a per se fleeing and eluding offense nor "specifically address" such an offense.

Finally, Defendant has not convincingly pointed to any federal policy as to whose achievement the Court could find that the application of § 3733 would interfere, *Lewis*, 523 U.S. at 164. To the contrary, the catch-all language of § 4.2 and its incorporation of state law demonstrates a clear intent by Congress to allow nonconflicting state law, such as § 3733, to fill the gaps found in Part 4 of Title 36. *See e.g. United States v. Reed*, 734 F.3d 881, 893 (9th Cir. 2013) (where Defendant challenged federal conviction for violation of state law assimilated under the ACA, arguing an applicable federal regulation punished his conduct, Circuit Court explained that "the [National Park Service] has not indicated an intent to occupy the entire field of driving with a certain level of drugs in the blood. To the contrary, as set forth above, the NPS intentionally left gaps in Part 4 to be filled by nonconflicting state law.").

For these reasons, the answer to the "primary question" at which the Supreme Court has directed a Court to look, reveals that Part 4 of Title 36, and specifically § 4.2, does not indicate an intent to punish conduct such as Baker's to the exclusion of Pennsylvania's § 3733, see Lewis, 523 U.S. at 166. See e.g. United States v. Hope, 408 F.App'x 695 (4th Cir. 2011) (finding Virginia statute for felony eluding was properly assimilated under the ACA and rejecting Defendant's argument that the state statue was a traffic law already adopted by § 4.2); cf. United States v. Reggie, 572 F.App'x 121, 124 (3d Cir. 2014) (finding federal jurisdiction was proper where "there is no argument that driving with a suspended license is punishable by an act of Congress.").[1]

---

[1] In support of its opposition to Defendant's motion, the Government argues that "it is clear based upon § 4.2's basic language and its associated penalty provision, which limits the maximum potential penalty for violations to 6 months imprisonment, that the regulators who promulgated § 4.2 had no intention of 'occupying' any 'field' that included serious, potentially deadly felony offenses." (Doc. 37, at 8). Lewis specifically contemplated the possibility of disparate sentences depending on the application of state and federal law, rejecting this as a basis, in itself, to find a state law was properly assimilated. See Lewis, 523 U.S. at 165 ("the [ACA] will not apply where both state and federal statutes seek to punish approximately the same wrongful behavior – where, for example, . . . differences amount only to those of name, definitional language, or punishment."). However, the Court finds persuasive the Government's argument that Part 4 does not "reveal an intent to occupy so much of a field as would exclude use of the particular state statute at issue", Lewis, 523 U.S. at 164-165, in so far as a review of Part 4 demonstrates Congress' intent that these provisions be applied to traffic and vehicle offenses but does not reveal an intent to "occupy" so much of the field of motor vehicle and traffic crimes so as to exclude the use of state law statutes criminalizing more serious offenses simply because a motor vehicle is used in the commission of that offense.

9

### III. CONCLUSION

For the reasons set forth herein, Defendant Baker's Motion to Dismiss Indictment for Failure to State an Offense and for Lack of Jurisdiction (Doc. 30) will be denied. A separate Order follows.

Robert D. Mariani
United States District Judge